IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                                         No. 16-CV-00719-JAP-KBM
                                                                             No. 03-CR-00677-JAP

CHRISTOPHER JOHN HOPSON,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF TRANSFER

Under Rule 4 of the Rules Governing Section 2255 Proceedings, the Court, *sua sponte*, addresses Defendant Christopher John Hopson's Petition To Correct His Illegal Sentence Pursuant to 28 U.S.C. § 2255, filed on June 27, 2016. [CV Doc. 1; CR Doc. 74] In the interest of justice, the Court will transfer Defendant's motion to the United States Court of Appeals for the Tenth Circuit.

Following a jury trial, Defendant was found guilty of Armed Bank Robbery in violation of 18 U.S.C. § 2213(a) and (d) and Brandishing of a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). [CR Docs. 39, 44] Defendant was sentence to a term of 262 months of imprisonment for Armed Bank Robbery and a consecutive term of 84 months of imprisonment for Brandishing of a Firearm During and in Relation to a Crime of Violence, for a total term of 346 months of imprisonment. [CR Doc. 44] On September 10, 2003, the Court entered Judgment on Defendant's conviction and sentence. [CR Doc. 44] Defendant timely filed a notice of appeal in the United States Court of Appeals for the Tenth Circuit, which affirmed Defendant's convictions. [CR Docs. 45, 50]

On June 19, 2014, Defendant filed a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody.  [CR Doc. 51; *see Hopson v. United States of America*, 14-CV-565-JP-RHS, Doc. 1 (D.N.M. June 19, 2014)]  The Court dismissed Defendant's § 2255 Motion as untimely filed.  [CR Doc. 52, 53]  Defendant timely filed a notice of appeal in the United States Court of Appeals for the Tenth Circuit, which denied a certificate of appealability and dismissed Defendant's appeal.  [CR Doc. 60]

On June 27, 2016, Defendant filed the present Petition to Correct His Illegal Sentence Pursuant to 28 U.S.C. § 2255, contending that the enhancement of Defendant's sentence under the career offender provision of the United States Sentencing Guidelines is invalid under *Johnson v. United States*, 135 S. Ct. 2551 (2015).  [CV Doc. 1; CR Doc. 74]  This is Defendant's second § 2255 motion and "[a] district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until [United States Court of Appeals for the Tenth Circuit] has granted the required authorization."  *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam); *see* 28 U.S.C. § 2255(h).  However, a district court may, in its discretion, transfer a "second or successive" § 2255 motion to the United States Court of Appeals for the Tenth Circuit "if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631."  *In re Cline*, 531 F.3d at 1252; *see* 28 U.S.C. § 1631.

> Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*In re Cline*, 531 F.3d at 1251.

There is a "1-year period of limitation" applicable to § 2255 motions that begins to run "on the date on which the right asserted was initially recognized by the Supreme Court, if that

right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3); *see Dodd v. United States*, 545 U.S. 353, 358-59 (2005) (holding that if the United States Supreme Court "decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision in which to file his § 2255 motion"). *Johnson* was decided by the United States Supreme Court on June 26, 2015 and defendants have one-year from that date, until June 27, 2016,[1] to file a timely § 2255 motion seeking relief under *Johnson*. Although the present § 2255 motion was timely filed on June 27, 2016, it would be time-barred if it were to be dismissed and filed anew.

After reviewing Defendant's § 2255 motion, the Court concludes that Defendant raised claims that are likely to have merit and that Defendant filed them in good faith. *See In re: Encinias*, 821 F.3d 1224, 1225 (10th Cir. 2016) (holding that a challenge to a "career-offender sentence is sufficiently based on *Johnson* to permit authorization under § 2255(h)(2)"). Therefore, in the interest of justice, the Court will transfer Defendant's § 2255 motion to the United States Court of Appeals for the Tenth Circuit.

IT IS THEREFORE ORDERED that the Clerk is directed to TRANSFER Defendant's Petition To Correct His Illegal Sentence Pursuant to 28 U.S.C. § 2255 [CV Doc. 1; CR Doc. 74] to the United States Court of Appeals for the Tenth Circuit.

*[signature]*
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Because June 26, 2016 was a Sunday, a day on which the Clerk's Office was inaccessible, the one-year deadline is extended to Monday, June 27, 2016. *See* Fed. R. Civ. P. 6(a)(3)(A) ("Unless the court orders otherwise, if the clerk's office is inaccessible . . . on the last day for filing under Rule 6(a)(1), then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or a legal holiday); *see also United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003) (holding that "calculation issues concerning AEDPA statutes of limitations should be resolved under the principles expressed in Rule 6(a)).